Judgment for the defendant on the demurrers, with costs.

MORRIS *a*. WALSH.

*New York Superior Court ; General Term, October,* 1862.

IMPRISONED DEBTOR.—DURESS.—CONTEMPT.—SECOND COMMITMENT.—RES ADJUDICATA.

An imprisoned debtor is equally subject to be sued and prosecuted to judgment, and to be proceeded against, in all the modes prescribed by law to enforce civil remedies, as if he were at large.

It is no excuse for refusing to execute a conveyance directed by a judgment of court, that there is no person present to become subscribing witness or commissioner to take the grantor's acknowledgment, or that there is no seal attached to the instrument.

A judgment directed the defendant to execute a conveyance upon the written demand of the plaintiff; the plaintiff served a copy of the judgment with a written demand, and two months afterwards presented to the defendant a proper conveyance, and required its execution.

    *Held,* that defendant's objection that the written demand was not served at the time of requiring the conveyance was untenable.

The fact that a plaintiff has not done enough at the time of procuring defendant's conviction of a contempt in disobeying a portion of the decree, to procure his conviction for a disobedience of another portion, does not disable plaintiff from doing such other acts as are necessary to put the defendant in contempt in that respect.

Appeal from an order directing a commitment for contempt.

This action was brought by Peter Morris against Thomas J. Walsh, to cancel a building contract. The plaintiff obtained judgment; the contract was adjudged cancelled, and defendant required to execute a release and conveyance of the premises, and to deliver up the keys of the houses. Failing to do so after personal service of a copy of the judgment, an order to show cause was issued, why an attachment should not issue. The defendant opposed the application upon several grounds; among others, that a certified copy of the judgment should have been personally served with the order to show cause, and that no demand had been made by the plaintiff, who, before judgment, had been appointed receiver for the delivery of the property. The objections were overruled, and the defendant adjudged guilty of a contempt, and committed to jail. Subsequently, while defendant was in jail, a second commitment was granted against the defendant, who had declined to execute a release under circumstances sufficiently set forth in the opinion. From the order for the second commitment the defendant appealed.

*A. Hamilton Reavy,* for the appellant.—I. The tender to the defendant of a release to execute, and the demand relied on, were made of the defendant while he was in prison, in custody under the first proceeding. There were no witnesses present to sign the paper, and no commissioner to receive the

Morris *a.* Walsh.

defendant's acknowledgment of the instrument; the instrument tendered to him to sign was defective for want of a seal. It was therefore no deed; besides, the defendant ought to have had the opportunity of submitting the papers to his counsel for examination. He was deprived of this by his incarceration and his inability to communicate with him. This right to consult counsel in criminal cases is carefully guarded in this State by statute as well as by judicial decisions. (2 *Rev. Stat.*, 708, 4 ed., § 14; People *a.* Restell, 3 *Hill*, 289.)

II. The judgment of the court required that the demand to be made of the defendant for the execution of the release and for the delivery of the possession of the premises should be in writing. No such written demand was ever made.

III. Two commitments have been issued to the sheriff in this case. The second commitment is irregular, and should be set aside for the reason that what occurred on the issue of the first attachment was the same matter, and was therefore *res adjudi-cata.*

*Daniel M. Porter*, for the respondent.—The fact that he was already in jail under a commitment for a previous contempt in disobeying another and separate requirement of the same judgment does not invalidate his commitment for this contempt. Whether he executed the release or not did not affect his previous commitment, and to allow that to invalidate this commitment would be to allow the defendant to take advantage of his own wrong. Any authority which makes void acts done under duress will be distinguishable from this, inasmuch as the act here required did not require him to do any thing for which he was then imprisoned, but an entirely different business from the contempt for which he was detained; while, in order to make duress, the act required must relate to his imprisonment and be procured from him in order to obtain his discharge from his then imprisonment. If the defendant had executed the release mentioned in the second order, it would not have in any manner affected his imprisonment on the first, therefore there was no duress.

By the Court.*—Bosworth, Ch. J.—It is sufficient, in answer to the first objection taken by the appellant, to say, that the fact that the defendant was in prison when the written release was presented to him to be executed, did not absolve him from the duty imposed by the judgment, nor affect the plaintiff's power or right to use the usual remedies to enforce the judgment. An imprisoned debtor, especially when imprisoned by virtue of proceedings against him in a civil suit, is equally subject to be sued and prosecuted to judgment, and to be proceeded against in all the modes prescribed by law to enforce civil remedies, as if he were at large. That no persons were present to witness the execution of the release, or take his acknowledgment of it, did not make it any the less his duty to execute it. If the release was not sealed when presented to him, *non constat* that it would not have been, had he not refused to sign it, or to impress his own seal upon it as part of the act of executing it. It does not appear that he expressed a wish to consult his counsel, or suggested that it was of any consequence that he should do so; nor is any objection now made that the release was not in proper form.

As to the second objection, it appears by the papers that a copy of the judgment was *served on the defendant personally* on the 11th of June, 1862, and a written demand was also then served, requiring him to execute forthwith a release in such form as shall be approved by one of the justices of the court. On the 5th of August, 1862, such a release was presented to him for execution, and he refused to sign it. The only objection that can be made to this part of the proceedings is, that the demand in writing was made nearly two months before the release was presented. · We do not see any ground for complaint that the written demand had been served before the release was presented, instead of being served at the same time.

To the third objection it is enough to say, that the fact the plaintiff had not done enough, at the time of defendant's conviction of a contempt in not surrendering possession of the premises, to procure his conviction for refusing to execute a release, did not disable the plaintiff from subsequently doing such

---

* Present, Bosworth, Ch. J., Barbour, Robertson, Monell, White, and Moncrief, JJ.

further acts as would warrant the conviction of the defendant, on being proceeded against after the further acts had been done, or exempt the defendant from liability to be convicted on proof thereof in the manner prescribed by law. None of the objections made to the order appealed from being tenable, it should be affirmed. Ordered accordingly.